United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN M. GONZALEZ, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 1:16-cv-247 |
| § | |
| STATE FARM LLOYDS, § | |
| Defendant. § | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff's opposed Motion to Remand (hereinafter, Plaintiff's "Motion"). Dkt. No. 3. Plaintiff seeks remand to the 444th Judicial District Court of Cameron County, Texas; and asks the Court to award him his related "court costs, expenses, and attorney's fees." *Id.* at 2. It is recommended that the Court deny Plaintiff's Motion and related request for court costs, expenses, and attorney's fees.

### I. Statement of the Case

On September 23, 2016, Defendant State Farm Lloyds filed a Notice of Removal, removing Plaintiff's civil action to this Court from the 444th Judicial District Court of Cameron County, Texas. Dkt. No. 1. On September 28, 2016, Plaintiff filed his Motion, stating that this Court should remand his case back to state court because Defendant's removal was improper. Dkt. No. 3 at 1-2.

Specifically, Plaintiff argues that Defendant's removal was improper because Defendant has failed to show that the amount in controversy in this action exceeds $75,000.00; therefore, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* Plaintiff additionally asserts that the Court should award him court costs, expenses, and attorneys' fees because Defendant's improper removal has forced him to file his instant Motion. *Id.* at 2.

Although Defendant's response to Plaintiff's Motion is not yet due, the Court need not wait for Defendant's response to deny Plaintiff's Motion. Denying Plaintiff's Motion is proper here because it is clear that his claims are likely to exceed $75,000.00, exclusive of interests and costs.

## II. Legal Standard

The party removing an action bears the burden of establishing that federal jurisdiction is present. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). All doubts concerning whether removal jurisdiction is proper must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Pursuant to 28 U.S.C. § 1332, a federal court will not have subject matter jurisdiction unless: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) complete diversity of citizenship is present between the parties. 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs").

> Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." However, when the

>state practice does not permit a demand for a specific sum, removal is proper if the removing party proves by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant can satisfy this burden by (1) showing it is "apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment-type evidence of facts in controversy that support a finding of the requisite amount."
>
>"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." In other words, these post-removal filings may only be considered in determining the amount in controversy "if the basis for jurisdiction is ambiguous at the time of removal." "Under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal."

*Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *1 (S.D. Tex. Oct. 7, 2015) (citations omitted).

### III. Discussion

The Original Petition that Plaintiff filed in state court seeks "all" damages available under the Texas Deceptive Trade Practices Act ("DTPA"). Dkt. No. 1-4 at 8. Under the DTPA, a plaintiff may recover "three times the amount of economic damages" if the defendant acted "knowingly." TEX. BUS. COM. CODE ANN. § 17.50(b)(1). Here, Plaintiff's Original Petition asserts that the Defendant acted knowingly in violating the DTPA. Dkt. No. 1-4 at 7. Plaintiff's Original Petition does not specify the amount of economic damages he is seeking. However, Defendant has submitted evidence indicating that Plaintiff is seeking $26,902.37 in

economic damages. *See* Dkt. No. 1-2 at 5 (containing Plaintiff's pre-suit "Demand for Relief"). Three times $26,902.37 is $80,707.11, an amount well over $75,000.00.

There is nothing in the record showing that Plaintiff abdicated his claim for treble damages prior to removal. Plaintiff's two-page Motion does not demonstrate that Defendant has failed to meet its burden of proof. Accordingly, the Court finds that Defendant has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Further, Defendant argues that complete diversity exists between the parties because Plaintiff is a citizen of Texas, and Defendant is a citizen of Illinois. *See* Dkt. No. 1 at 2. Plaintiff has not disputed this allegation, or demonstrated otherwise. Both the record and relevant authority support Defendant's argument. *See* Dkt. No. 1 at 2 ("State Farm is a 'Lloyd's Plan' . . . . an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois"); Dkt. No. 1-4 at 4-5 (indicating that Plaintiff resides in Cameron County, Texas); Dkt. No. 1-4 at 2, 4 (same); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (for purposes of determining diversity jurisdiction, courts consider the citizenship of the underwriter members of unincorporated insurance associations, like those selling insurance under a "Lloyd's plan"); *Van Tassel v. State Farm Lloyds*, No. 4:14-CV-2864, 2015 WL 4617241, at *1 (S.D. Tex. July 31, 2015) (noting that State Farm Lloyds is "a citizen of Illinois" for purposes of determining whether State Farm Lloyds is diverse from a Texas plaintiff); *Landor v. State Farm Lloyds*, No. 3:12-CV-4268-M, 2013 WL

1746003, at *1, n.1 (N.D. Tex. Apr. 23, 2013) ("State Farm is a 'Lloyd's Plan' . . . . an association of underwriters, each of whom . . . were, and still are, citizens of the states of Illinois, Florida and Pennsylvania, making State Farm a citizen of the states of Illinois, Florida, and Pennsylvania for diversity purposes.") (citing "*Massey v. State Farm Lloyds Ins.* Co., 993 F.Supp. 568, 570 (S.D. Tex. 1998) ('In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.')).

The Court finds that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. The Court additionally finds that the parties are completely diverse. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's Motion lacks merit and should be denied.

## IV.  Recommendation

It is recommended that the Court deny Plaintiff's Motion (Dkt. No. 3) and related request for court costs, expenses, and attorney's fees.

## V.  Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 3rd day of October, 2016.

_____
Ignacio Torteya, III
**United States Magistrate Judge**